UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

v.                                                                                          Criminal Case No. 6:16-CR-6002
                                                                                            (GTS)
AMIR RIZVI,

                       Defendant.
_____

APPEARANCES:                                                                          OF COUNSEL:

HON. DAVID J. HICKTON                                                      CHRISTIAN A. TRABOLD, ESQ.
U.S. Attorney for the West. Dist. of Pennsylvania          Assistant U.S. Attorney
  Counsel for the Government
17 South Park Row, Room A330
Erie, PA 16501

AMIR RIZVI
  Defendant, *Pro Se*

HON. MARIANNE MARIANO                                                 ROBERT G. SMITH, ESQ.
Fed. Pub. Defender for the West. Dist. of Pennsylvania   Assistant Federal Public Defender
  Stand-By Counsel for Defendant
28 East Main Street, Suite 400
Rochester, NY 14614

GLENN T. SUDDABY, Chief U.S. District Judge, N.D.N.Y., Sitting by Designation

## DECISION and ORDER

      On February 25, 2016, the Court concluded that both a competency examination and hearing are appropriate pursuant to 18 U.S.C. § 4241(a), and that, before the hearing, a psychiatric or psychological examination of the defendant be conducted and report be filed pursuant to 18 U.S.C. § 4241(b). (Dkt. No. 14.) On April 29, 2016, such an examination was completed; and on May 4, 2016, the report was filed. (Dkt. No. 19.) On May 5, 2016, the Court scheduled a competency hearing for May 11, 2016. (Text Notice dated May 5, 2016.) On May

11, 2016, Defendant appeared at the hearing with his stand-by trial counsel, Assistant Federal Public Defender Roger G. Smith. (Minute Entry dated May 11, 2016.) At the hearing, the Court granted Attorney Smith's request to be appointed Defendant's counsel pursuant to 18 U.S.C. § 4247(d) until Defendant is found competent. (*Id.*; Dkt. No. 20.)[1] In addition, upon Defendant's request for an adjournment of the hearing in order to consult with an expert, the Court adjourned the hearing for a period of no longer than two weeks, pending its receipt of a letter from Defendant regarding his expert. (Minute Entry dated May 11, 2016.) On May 18, 2016, the Court received that letter, in which Defendant "recommend[ed] that [he] be committed to the Attorney General for a reasonable period of time not to exceed four months in an attempt to see if he can be restored to competency." (Dkt. No. 25.) The Court construes this letter as a waiver of Defendant's right to a completion of the competency hearing of May 11, 2016.[2]

After carefully considering the matter, the Court finds by a preponderance of the evidence that Defendant "is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense" under 18 U.S.C. § 4241(d), and that therefore he must be committed to the custody of the Attorney General who shall

---

[1]   *See United States v. Barnes*, 693 F.3d 261, 270 (2d Cir. 2012) ("[T]he trial court should refuse to accept a waiver of the right to counsel unless and until the court is satisfied that the defendant fully understands the consequences of such an election and is competent to make it.") (internal quotation marks omitted).

[2]   *See, e.g., United States v. Clark*, 385 F.3d 609, 613 (6th Cir. 2004) ("After the evaluation [finding Defendant competent], Defendant filed a waiver of his mental competency hearing under 42 U.S.C. §§ 4241(c) and 4247(d)."); *United States v. Rivera-Rivera*, 900 F. Supp.2d 120, 125, n.3 (D. Puerto Rico 2012) ("Because the parties stipulated to waiving a mental competency hearing before committing defendant Rivera to further treatment at FMC Butner, the Court rejects defendant Rivera's arguments that it failed to follow the prescribed statutory procedures."); *United States v. Smith*, 05-CR-0150, 2006 WL 1663669, at *1 (E.D. Tenn. June 9, 2006) ("Defendant filed a Waiver of Competency Hearing pursuant to 18 U.S.C. § 4247(d) on May 17, 2006 (Court File No. 30).").

hospitalize Defendant for treatment in a suitable facility "for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward" under 18 U.S.C. § 4241(d)(1).  More specifically, the Court finds that Defendant does not possess (1) a sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding, and (2) a rational understanding of the proceedings against him.  *United States v. Nichols*, 56 F.3d 403, 410 (2d Cir. 1995).  The Court bases this finding on the following: (1) its observations of, and/or communications with, Defendant on February 24, 2016, and May 11, 2016; (2) the content of the above-referenced competency report; (3) the content of Defendant's *pro se* submission dated May 9, 2016 (Dkt. No. 24); and (4) Defendant's waiver of May 18, 2016.  *United States v. Hemsi*, 901 F.2d 293, 295-96 (2d Cir. 1990); *United States v. Villegas*, 899 F.2d 1324, 1341-43 (2d Cir. 1989).

**ACCORDINGLY**, it is

**ORDERED** that Defendant be entrusted to the custody of the Attorney General pursuant to 18 U.S.C. § 4241(d) for hospitalization for treatment in a suitable facility for a duration **not to exceed FOUR (4) MONTHS** to determine whether there is a substantial probability that, in the foreseeable future, Defendant will attain the capacity to permit the proceedings to go forward (and for an additional reasonable period of time until his mental condition is so improved that trial may proceed, if the Court finds that there is a substantial probability that within such additional period of time he will attain the capacity to permit the proceedings to go forward); and it is further

**ORDERED** that, at the end of the aforementioned time period, the Attorney General shall return Defendant to the custody of the United States Marshal, who will then bring Defendant back before the Court for further proceedings pursuant to 18 U.S.C. § 4241(e) or 18 U.S.C. § 4246; and it is further

**ORDERED** that, to assist the Court in performing the aforementioned re-examination, the director of the facility at which Defendant is to be hospitalized shall (at the end of the aforementioned time period) prepare and file with the Court a psychiatric or psychological report advising the Court whether Defendant has recovered, or there is a substantial probability that in the foreseeable future he will recover, from his mental disease or defect so as to be able to understand the nature and consequences of the proceedings against him and to assist properly in his defense; and it is further

**ORDERED** that the Clerk of the Court shall coordinate with the United States Marshal to serve Defendant with this Decision and Order by delivering a copy of it to Defendant personally.

Dated: May 19, 2016
       Syracuse, New York

                                              Hon. Glenn T. Suddaby
                                              Chief U.S. District Judge