UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

v.                                                                    Criminal Case No. 6:16-CR-6002
                                                                      (GTS)
AMIR RIZVI,

                Defendant.
_____

APPEARANCES:                                                          OF COUNSEL:

HON. DAVID J. HICKTON                                                 CHRISTIAN A. TRABOLD, ESQ.
U.S. Attorney for the West. Dist. of Pennsylvania                     Assistant U.S. Attorney
  Counsel for the Government
17 South Park Row, Room A330
Erie, PA 16501

HON. MARIANNE MARIANO                                                 ROBERT G. SMITH, ESQ.
Fed. Pub. Defender for the West. Dist. of Pennsylvania                Assistant Federal Public Defender
  Counsel for Defendant
28 East Main Street, Suite 400
Rochester, NY 14614

GLENN T. SUDDABY, Chief U.S. District Judge, N.D.N.Y., Sitting by Designation

## **DECISION and ORDER**

On May 19, 2016, after reviewing a psychological report prepared in accordance with 18 U.S.C. § 4241(b) and satisfying the hearing requirement set forth in 18 U.S.C. § 4241(a), the Court issued a Decision and Order finding by a preponderance of the evidence that Defendant "is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense" under 18 U.S.C. § 4241(d). (Dkt. No. 26.) In that Decision and Order, the Court directed that Defendant be entrusted to the custody of the Attorney General pursuant to 18 U.S.C. § 4241(d) for hospitalization for treatment in a suitable

facility for a duration not to exceed four months to determine whether there is a substantial probability that, in the foreseeable future, Defendant will attain the capacity to permit the proceedings to go forward. (*Id*.)[1]

On November 1, 2016, the director of the facility at which Defendant was hospitalized (Butner Federal Correctional Complex in North Carolina) caused to be filed with the Court (1) a psychological report by Dr. Joseph S. Zonno, Ph.D., advising the Court that Defendant has recovered from his mental disease or defect so as to be able to understand the nature and consequences of the proceedings against him and to assist properly in his defense, together with (2) a Certificate of Restoration of Competency to Stand Trial, in accordance with 18 U.S.C. § 4241(e). (Dkt. No. 29.)

On March 31, 2017, in preparation for a hearing to determine if Defendant's mental condition has so improved as to permit the proceedings to go froward, Defendant's counsel filed a psychiatric report by Dr. Rory P. Houghtalen, M.D., advising the Court that Defendant has *not* recovered from his mental disease or defect so as to be able to understand the nature and consequences of the proceedings against him and to assist properly in his defense. (Dkt. No. 37, Attach. 1.)

On March 23, 2017, the Court conducted a hearing to determine if Defendant's mental condition has so improved as to permit the proceedings to go froward, in accordance with 18

---

[1] The Court further directed that, at the end of the aforementioned time period, the Attorney General shall return Defendant to the custody of the United States Marshal, who will then bring Defendant back before the Court for further proceedings pursuant to 18 U.S.C. § 4241(e) or 18 U.S.C. § 4246. (Dkt. No. 26.) Finally, the Court directed that, to assist the Court in performing the aforementioned re-examination, the director of the facility at which Defendant is to be hospitalized shall (at the end of the aforementioned time period) prepare and file with the Court a psychiatric or psychological report advising the Court whether Defendant has recovered, or there is a substantial probability that in the foreseeable future he will recover, from his mental disease or defect so as to be able to understand the nature and consequences of the proceedings against him and to assist properly in his defense. (*Id*.)

U.S.C. § 4241(e) and (d). (Dkt. No. 39.) At that hearing, the Court received documentary evidence as well as the testimony of Drs. Zonno and Houghtalen. (*Id.*) In addition, the Court heard an oral statement from Defendant, who declined to testify. (*Id.*) At the end of the hearing, the Court advised counsel that it would issue a written decision. This is that written decision.

After carefully considering the matter, the Court finds that, while Defendant's mental condition has not so improved as to permit the proceedings to go forward, the Court finds that there is a substantial probability that, within an additional four-month period of time, he will attain the capacity to permit the proceedings to go forward, in accordance with 18 U.S.C. § 4241(d)(2)(A). The Court bases this finding on the following: (1) its observations of, and communications with, Defendant on February 24, 2016, May 11, 2016, November 22, 2016, and March 23, 2017; (2) the content of the above-referenced psychological report by Dr. Joseph S. Zonno, Ph.D., and psychiatric report by Dr. Rory P. Houghtalen, M.D.; (3) the hearing testimony of Drs. Zonno and Houghtalen; and (4) the oral statement of Defendant on March 23, 2017.

Succinctly stated, the Court finds that Defendant struggles with his ability to understand the problems with his legal arguments, trust defense counsel, and control his outbursts in court. The Court finds that one more attempt at treatment stands an adequate chance of success, especially if Defendant decides to cooperate with health care providers.

**ACCORDINGLY**, it is

**ORDERED** that Defendant be continued to be entrusted to the custody of the Attorney General pursuant to 18 U.S.C. § 4241(d) for hospitalization for treatment in a suitable facility for a duration **not to exceed FOUR (4) MONTHS** to determine whether Defendant's mental condition has so improved that trial may proceed; and it is further

3

**ORDERED** that, if possible, the aforementioned facility shall be one **OTHER THAN** the Butner Federal Correctional Complex in North Carolina; and it is further

**ORDERED** that, at the end of the aforementioned time period, the Attorney General shall return Defendant to the custody of the United States Marshal, who will then bring Defendant back before the Court for further proceedings pursuant to 18 U.S.C. § 4241(e) or 18 U.S.C. § 4246; and it is further

**ORDERED** that, to assist the Court in performing the aforementioned re-examination, the **DIRECTOR OF THE FACILITY** at which Defendant is to be hospitalized shall (at the end of the aforementioned time period) prepare and file with the Court a psychiatric or psychological report advising the Court whether Defendant has recovered, or there is a substantial probability that in the foreseeable future he will recover, from his mental disease or defect so as to be able to understand the nature and consequences of the proceedings against him and to assist properly in his defense; and it is further

**ORDERED** that, if at the end of the aforementioned time period it is determined that Defendant's mental condition has so improved as to permit the proceedings to go forward, the **DIRECTOR OF THE FACILITY** at which Defendant is to be hospitalized shall certify that Defendant has recovered to such an extent that he is able to understand the nature and consequences of the proceeding against him and to assist properly in his defense, pursuant to 18 U.S.C. § 4241(e); and it is further

**ORDERED** that, if at the end of the aforementioned time period it is determined that Defendant's mental condition has *not* so improved as to permit the proceedings to go forward, the **DIRECTOR OF THE FACILITY** at which Defendant is to be hospitalized shall certify

4

whether (1) Defendant is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another, and (2) suitable arrangements for State custody and care of Defendant are available, pursuant to 18 U.S.C. § 4241(d) and 18 U.S.C. § 4246; and it is further

**ORDERED** that the Clerk of the Court shall coordinate with the United States Marshal to serve Defendant with this Decision and Order by delivering a copy of it to Defendant personally.

Dated: April 11, 2017
       Syracuse, New York

Hon. Glenn T. Suddaby
Chief U.S. District Judge